Fannie Louise DOTSON,
Plaintiff–Appellant,

v.

PIKE COUNTY BOARD OF EDU-
CATION; Frank Welch, in his official
capacity as Superintendent of Pike
County Schools, Defendants–Appel-
lees.

No. 00–5615.

United States Court of Appeals,
Sixth Circuit.

Oct. 2, 2001.

Before BOGGS, DAUGHTREY, and
FARRIS,* Circuit Judges.

PER CURIAM.

Fannie Louise Dotson appeals the dis-
trict court's summary judgment in favor of
the Pike County Board of Education and

* The Honorable Jerome Farris, United States
Circuit Judge for the Ninth Circuit, sitting by    designation.

the Superintendent in her action for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117, and the Rehabilitation Act, 29 U.S.C. § 794, and for breach of contract. We reverse and remand this case to the district court for further proceedings consistent with this opinion.

## BACKGROUND

In June, 1997, Dotson retired after working as a teacher with the Pike County schools for twenty-one years. On March 15, 1997, Dotson and the Board had executed a supplemental early retirement plan (SERP) agreement. Then, on April 18, 1997, Dotson applied for disability retirement, based on problems that Dotson had with her knee and back due to an earlier injury. According to the SERP, Dotson waived all her rights to future employment with the school district. Shortly after she received her first check under the SERP, Dotson was informed that she and other teachers who were receiving disability benefits were ineligible for the SERP program.

Dotson filed this action against Defendants seeking damages and declaratory relief for breach of contract and violations of the ADA and the Rehabilitation Act. The district court granted summary judgment for Defendants, concluding that Dotson lacks standing under the ADA. The district court held that Dotson's receipt of disability benefits prevented her from claiming that she is a "qualified individual with a disability" who could perform the essential functions of her job, as required by the ADA. The district court held that, for similar reasons, Dotson could not recover under the Rehabilitation Act, and

that summary judgment was proper on all remaining claims.

## DISCUSSION

Dotson presents two grounds for appeal: (1) she contends that the district court erred in determining that she lacked standing under the ADA and the Rehabilitation Act and (2) she contends that the district court erred by granting summary judgment on her contract claim.

A grant of summary judgment is reviewed de novo. *Griffith v. Wal–Mart Stores, Inc.*, 135 F.3d 376, 380 (6th Cir. 1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

### A. ADA and Rehabilitation Claims

The ADA prohibits discrimination against any "qualified individual with a disability," which is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. §§ 12112(a), 12111(8).[1] However, in order to qualify for disability retirement, Dotson had to attest that she "suffer[s] from a physical or mental condition presumed to be permanent in duration and of a nature as to render the member incapable of being gainfully employed ..." Ky.Rev.Stat. Ann. § 161.661(9) (1996). The district court held that the conflict between Kentucky's disability retirement statute and the ADA necessarily prevented Dotson from having standing under the ADA.

In *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999), the Court held that despite the conflict between the social

---

1. The same standards apply for Rehabilitation Act claims as ADA claims. 29 U.S.C. § 794(a).

security program, which provides benefits to a person with a disability that cannot perform his work, and the ADA, which requires a person to be able to perform the essential functions of his job, receipt of social security benefits does not automatically estop a recipient from pursuing an ADA claim. The Court concluded that the two claims do not inherently conflict because the Social Security Act does not account for the possibility of work with "reasonable accommodation," whereas the ADA does. *See id.* at 802–03. Similarly, although the ADA and the Kentucky statute appear to conflict, Dotson's qualification for disability retirement did not automatically estop her from pursuing an ADA claim.

To survive summary judgment, Dotson must provide an explanation sufficient to warrant a reasonable juror finding that, despite her statement that she is unable to work, that she could nonetheless perform the essential functions of her job, with or without reasonable accommodation. *See Cleveland,* 526 U.S. at 807; *see also Griffith,* 135 F.3d at 383.

Dotson provided evidence that she had been able to teach effectively throughout the 1996–97 school year, and although she submitted a request for accommodation to which the school did not respond, she continued to work. Thus, a genuine issue exists as to whether Dotson was a "qualified individual with a disability" under the ADA. In addition, the court never addressed directly the question of whether Dotson was in fact disabled under the ADA. It was error to grant summary judgment on the ADA and Rehabilitation Act claims.

## B. Contract Claims

■ Dotson's complaint included a claim that Defendants breached their contractual commitment in the SERP Agreement, since nothing in the SERP Agreement states that she would forfeit the benefits if she were to retire on the basis of disability.

"The cardinal rule of contract interpretation is that all words and phrases in the contract are to be given their ordinary meanings." *Fay E. Sams Money Purchase Pension Plan v. Jansen,* 3 S.W.3d 753, 757 (Ky.Ct.App.1999). To the extent that any ambiguity in the contract creates a factual question, we must resolve all such questions in favor of the party opposing summary judgment. *See id.*

The SERP Agreement required that Dotson meet three conditions: (1) she must be a full-time employee; (2) she must be eligible for retirement under the Kentucky retirement program; and (3) she must apply for the SERP during the eligibility period.

Pike County argues that Dotson's disability retirement renders her ineligible for the SERP, because persons retired on disability are entitled to a "continuing service contract" that would allow them to return in the event the disability was alleviated. *See* Ky.Rev.Stat. Ann. § 161.662. However, an alternative interpretation of the contract is that her written resignation and waiver of all future employment under the SERP would constitute a waiver or termination of her "continuing service contract." Summary judgment on the contract claim was improper.

**REVERSED AND REMANDED.**